**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**KIRK SZOPINSKI,**
      **Plaintiff,**

    v.                                                                          Case No. 14-CV-1302

**DR. MARTHA BREEN, et al.,**
      **Defendant,**

## DECISION AND ORDER

Plaintiff, Kirk Szopinski, filed a pro se complaint under 42 U.S.C. § 1983 on October 16, 2014, alleging that his civil rights were violated. He has paid an initial partial filing fee of $21.34, and his complaint is ready for screening.

Plaintiff has also filed a motion for protective order to prevent spoilage of evidence. Plaintiff believes that the union contract for Wisconsin Department of Corrections employees allows employees to purge their files of any disciplinary action taken, or investigations, in one year, if no other violations occur. An internal investigation surrounding some of the issues in plaintiff's complaint was initiated on approximately March 7, 2014. There are internal investigation reports and reports of possible disciplinary action taken that employees could possibly purge in the coming weeks. He therefore asks me to issue a protective order to prevent spoilation of evidence that may relate to plaintiff's claims in this case.

No such order is necessary. "A party has a duty to preserve evidence when it knows, or should have known, that litigation was imminent." Trask-Morton v. Motel 6 Operating L.P., 534 F.3d 672, 681 (7th Cir. 2008). "At the latest, this duty attaches when the plaintiff informs the defendant of his potential claim." Chandler v. Buncich, No. 2:12-cv-

175, 2012 WL 4343314, at *1 (N.D.Ind. Sept. 24, 2012). The duty may arise "even prior to the filing of a complaint as long as it is known that litigation is likely to commence." MacNeil Auto. Products, Ltd. V. Cannon Auto. Ltd., 715 F.Supp.2d 786, 801 (N.D.Ill. 2010).

The Wisconsin Department of Justice is aware of plaintiff's complaint at least due to the notifications it receives under the informal service agreement between the Wisconsin Department of Justice and this court. It is also likely that plaintiff filed an inmate complaint or notice of claim that put the Wisconsin Department of Corrections on notice that litigation was likely to commence. I will deny plaintiff's motion as moot, but I expect the Wisconsin Department of Justice and the Wisconsin Department of Corrections to comply with established law and refrain from destroying any evidence that may be relevant to plaintiff's claims in this case. I will issue a separate order screening plaintiff's complaint and addressing his remaining motions.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for protective order to prevent spoilage of evidence (Docket #14) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 4th day of March, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge