UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KIRK SZOPINSKI,**

    **Plaintiff,**

    v.                                    Case No. 14-cv-1302

**MARTHA BREEN, et al.**

    **Defendants.**

## SCREENING ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983. (Docket #1.) On June 9, 2015, I screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and explained on which claims plaintiff was permitted to proceed. On June 29, 2015, plaintiff filed a "motion to amend complaint and reconsideration of dismissed defendants." (Docket #21.) I will grant plaintiff's motion to amend his complaint. Plaintiff's amended complaint (Docket #21-1) is now the operative complaint in this matter.

As I explained in my June 9th order, I am required to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may,

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual

2

allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980).  I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff is currently incarcerated in the Waupun Correctional Institution, although the events alleged in his amended complaint occurred while he was incarcerated at the Fox Lake Correctional Institution (FLCI) and the Green Bay Correctional Institution (GBCI). Plaintiff is suing the following defendants, all of whom are associated with GBCI: Dr. Martha Breen, Michael Baenen, Dr. Mary Suavey, Jean Lutsey, R.N., Mary Alsteen, R.N., Dr. Steven Schmidt, and Lieutenant Vande Walle.  Plaintiff seeks compensatory and punitive damages.

Plaintiff's Allegations

Plaintiff alleges that, while at FLCI, he swallowed two milk cartons.  He was instructed to suck on ice chips to assist the cartons in dissolving.  Approximately three weeks later, on July 2, 2013, plaintiff was transferred to GBCI.

Plaintiff first began to complain of severe stomach pain on November 11, 2013, more than four months after he swallowed the milk cartons and while in the midst of a

3

hunger strike. Alsteen contacted Suavey and, per Suavey's orders, gave plaintiff Milk of Magnesia. Alsteen continued to monitor plaintiff throughout the day and remained in contact with Suavey. After being notified by plaintiff that he had swallowed milk cartons in July, Alsteen commented that she doubted that was the source of his pain.

The next day, plaintiff was seen by "R.N. LeClaire" (a non-party) for his hunger strike and continuing stomach pain. LeClaire told plaintiff that the milk cartons he ingested in July had dissolved. LeClaire contacted Suavey, who continued to believe there was no reason to see plaintiff. Despite repeated requests by plaintiff, no pain medications were prescribed for his pain.

Alsteen observed plaintiff on November 13, 2013. Plaintiff informed her that the pain had subsided and was a "7 or 8 on a scale of 1-10." (Docket #21-1 at 5.)

Plaintiff next complained of stomach pain on November 24, 2013, when he informed LeClaire that he had been in pain since the night before. Plaintiff was also seen by Lutsey on November 25; plaintiff informed Lutsey his "pain was 11 on a scale of 1-10," (Docket #21-1 at 6.) Lutsey informed plaintiff he was scheduled to see the doctor the next day but that she would also consult with the doctor immediately.

Plaintiff became frustrated that his stomach pain was not being treated, so he swallowed two toothbrushes in an attempt to force a visit to the hospital. Suavey examined plaintiff but did not prescribe any pain medications. Suavey informed plaintiff that his stomach wouldn't hurt if he didn't swallow milk cartons and toothbrushes. Suavey refused to send plaintiff to the hospital, so plaintiff cut his arm, again in an attempt to force a hospital visit. Suavey once again examined plaintiff, at which time plaintiff vomited.

4

Suavey treated plaintiff's arm but refused to send him to the hospital or to prescribe pain medications. Suavey ordered an X-ray, which indicated no signs of an obstruction.

Breen placed plaintiff on observation status after he swallowed the toothbrushes. As she left his cell, she said she wished plaintiff were dead.

On December 2, 2013, plaintiff tried to go to the bathroom, but only blood came out. He notified LeClaire and told her he still had severe stomach pain. LeClaire told plaintiff she would consult with the doctor. Suavey noted that "plaintiff was eating and stooling, no clinical signs of obstruction per nursing report." (Docket #21-1 at 10.) Plaintiff informed officers that he needed to see a psychologist and be placed on observations status because he was going to hurt himself. The officer informed Breen, who said she would check in on plaintiff later but did not order that plaintiff be placed on observation status.

About four hours later, plaintiff, who was angry about the lack of treatment for his stomach pain, "used a comb to rip out a vein in his arm from a previous cut in an attempt to commit suicide." (Docket #21-1 at 18.) Plaintiff laid bleeding in his cell for about an hour before anyone found him. LeClaire took plaintiff's blood pressure and contacted Suavey who told her to check his vitals again in an hour.

About an hour later, Alsteen located plaintiff in his cell in a pool of blood. Alsteen tried to take plaintiff's blood pressure but was unable to obtain a reading. She contacted Suavey, who instructed her to call an ambulance. Alsteen informed a sergeant to contact an ambulance, but he did not have an outside line to do so, so he contacted Vande Walle and told him to call an ambulance. Plaintiff states that Vande Walle intentionally failed to contact the ambulance. About ten minutes later, Alsteen learned that no ambulance was coming, so she contacted the ambulance herself.

5

Plaintiff was transported to the hospital, where he received a partial blood infusion, but plaintiff requested to be returned to GBCI before it was complete. The following day, on December 3, 2013, plaintiff was examined by Lutsey. Lutsey also examined him on December 4. At that time, Breen informed Lutsey that, based on the results of some blood tests, plaintiff needed to return to the hospital.

Plaintiff remained at the hospital from December 4 through December 12, 2013. During that time, the toothbrushes and milk cartons were removed.

Beginning on December 15, 2013, plaintiff corresponded with Schmidt and Baenen via letters complaining about the treatment he had received at GBCI. Plaintiff received responses in February, March, and April.

## Discussion

To state a claim based on deficient medical care, a plaintiff must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)).

A medical need is considered sufficiently serious if the inmate's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 [7th Cir. 2005]). "A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Roe*, 631 F.3d at 857 (quoting *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010)).

6

The Supreme Court has held that to prove that a defendant acted with "deliberate indifference," a plaintiff must prove more than just negligence, but does not have to prove that the defendant acted with the purpose of harming the plaintiff or with knowledge that harm would result; it is the equivalent of acting recklessly. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994) (citations omitted).

Plaintiff may proceed on his Eighth Amendment claim against Suavey. Plaintiff has alleged that he repeatedly reported to her that he was experiencing severe stomach pain after having swallowed two milk cartons and two toothbrushes but that she provided him nothing for his pain and failed to adequately monitor the impact of those ingested objects on his health. These allegations are sufficient to state a claim of deliberate indifference to a serious medical need. Plaintiff may also proceed with his negligence and medical malpractice claims against Suavey.

Plaintiff may also proceed with his deliberate indifference, medical malpractice, and negligence claims against Breen. Plaintiff has alleged that Breen, his treating psychologist, told him she wished he were dead, failed to place him in observation despite his statements that he wanted to hurt himself, and failed to follow up with plaintiff after she was informed that plaintiff had made suicidal remarks.

Finally, plaintiff may proceed on his claims of deliberate indifference and negligence against Vande Walle. Plaintiff alleges that Vande Walle intentionally ignored the order that he call an ambulance to transport plaintiff to the hospital. This is enough at this stage to proceed.

However, plaintiff fails to state claims against the remaining defendants: Alsteen, Lutsey, Schmidt, and Baenen. With regard to Alsteen and Lutsey, plaintiff's allegations are

7

clear that these two defendants closely monitored plaintiff, kept the treating physician timely informed, and followed the doctor's orders regarding treatment. Short of overriding the doctor's orders, which neither defendant was empowered to do, it is unclear to me what else they could have done. Plaintiff's claims against them will be dismissed.

Similarly, plaintiff fails to state claims against Schmidt and Baenen, to whom he wrote complaints sometime in mid-December <u>after</u> he was released from the hospital and all of the foreign objects were removed from his stomach. The time for plaintiff to solicit help to obtain adequate treatment for his medical needs was <u>prior</u> to those needs being remedied. Once the objects were removed and plaintiff's medical needs were addressed, they were without opportunity to intervene in the alleged constitutional violations. In any event, according to plaintiff's complaint, although not immediate, both defendants informed plaintiff that they were investigating his complaints to see if remedial measures were warranted. Plaintiff's claims against them will be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend complaint (Docket #21) is **GRANTED**. Plaintiff's amended complaint (Docket #21-1) is the operative complaint in this matter.

**IT IS ALSO ORDERED** that plaintiff's motion for reconsideration of dismissed defendants is **DENIED**. Defendants Alsteen, Lutsey, Schmidt, and Baenen are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint

and this order are being electronically sent today to the Wisconsin Department of Justice for service on defendants Suavey, Breen, and Vande Walle.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Suavey, Breen, and Vande Walle shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

9

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of July, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge