UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIRK SZOPINSKI,

     Plaintiff,

v.                                                    Case No. 14-cv-1302

MARTHA BREEN, et al.

     Defendants.

## ORDER

Plaintiff, who is currently proceeding pro se, is a Wisconsin state prisoner. He has filed two motions to compel (Docket #46, 57) as well as a motion for the appointment of counsel (Docket #53). Defendants have filed a motion asking me to stay discovery as to defendant Martha Breen and to extend the deadlines in the scheduling order. (Docket #47.)

In his motion asking me to recruit counsel to represent him, plaintiff explains that he has been diagnosed as seriously mentally ill by the Wisconsin Department of Corrections. He also states that he wrote to approximately fifteen attorneys and that none would agree to represent him. Plaintiff also highlights the complicated medical issues that are present in his case, which will require extensive discovery and expert testimony.

I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Once a plaintiff demonstrates he has

made a reasonable attempt to secure counsel on his own, I examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Here, plaintiff has satisfied the first step in the process, and I conclude based on the particular circumstances of this case and the unique challenges faced by this plaintiff, that the difficulty of this case exceeds his capacity to present it on his own. Accordingly, I grant plaintiff's motion asking me to recruit counsel to represent him.

In light of this decision, I also vacate the scheduling order entered on September 17, 2015. (Docket #36.) Once I have found counsel to represent plaintiff, I will schedule a telephonic status conference during which time new discovery and dispositive motion deadlines will be set. Further, I deny plaintiff's motions to compel without prejudice. Counsel will be in a better position to decide what discovery is necessary and to work with defendants' counsel to resolve any disputes before involving the court. Finally, with the scheduling order vacated, I deny defendants' motion to stay those deadlines as moot.

**IT IS THEREFORE ORDERED** that plaintiff's motion for the appointment of counsel (Docket #53) is **GRANTED**. The court will recruit counsel to represent plaintiff. Once counsel is recruited, the court will set a status conference with the parties.

**IT IS ALSO ORDERED** that the September 17, 2015 scheduling order (Docket #36 is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to compel (Docket #46, 57) are **DENIED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that defendants' motion to stay discovery as to defendant Breen and extend deadlines in scheduling order (Docket #47) is **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 17th day of December, 2015.

                    s/ Lynn Adelman
                    _____
                    LYNN ADELMAN
                    District Judge

3

Case 2:14-cv-01302-LA   Filed 12/17/15   Page 3 of 3   Document 60